# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HADI,<br><br>                    Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                    Defendant. | Case No.  15-cv-01421-BAS(PCL)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 2); AND**<br><br>**(2) REFERRING TO MAGISTRATE JUDGE FOR REPORT AND RECOMMENDATION** |

On June 29, 2015, plaintiff John Hadi ("Plaintiff") commenced this action against defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, seeking judicial review of the Commissioner's final administrative decision denying Plaintiff's application for Supplemental Security Income benefits under the Social Security Act.  On the same day, Plaintiff also filed a motion seeking leave to proceed *in forma pauperis* ("IFP").  (ECF No. 2 ("IFP Mot.").)  For the reasons outlined below, the Court **GRANTS** Plaintiff's IFP motion.

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied

the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs…and still be able to provide himself and dependents with the necessities of life." *Id.* at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense,…the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "[i]n forma pauperis status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

Having read and considered Plaintiff's motion, the Court finds that Plaintiff meets the requirements in 28 U.S.C. § 1915 for IFP status. Plaintiff is unemployed and was last employed in December 2013. (IFP Mot. at p. 2.) He has $300 in his

checking account, and does not own any real estate, valuable personal property, or other investments. (*Id.*) He owns a 1996 Ford Aerostar van, which was donated to him, and is worth $0. (*Id.*) He sleeps in his van. (*Id.*) Plaintiff receives $194 per month in food stamps and $330 per month in General Relief. (*Id.*) He has received no other income or assistance during the past twelve months. (*Id.*) His expenses include food, gas of $100 per month, and laundry of $5 every three weeks. (*Id.*) Consequently, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Plaintiff's application to proceed IFP (ECF No. 2). However, if it appears at any time in the future that Plaintiff's financial picture has improved for any reason, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. **This includes any recovery Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.**

Additionally, the Court **REFERS** all matters arising in this case to United States Magistrate Judge Peter C. Lewis for a Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c)(1). If the parties choose to file motions in this case, they shall contact Judge Lewis' chambers to secure scheduling, filing, and hearing dates.

**IT IS SO ORDERED.**

**DATED: July 10, 2015**

Hon. Cynthia Bashant
United States District Judge