# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN HADI,<br><br>                               Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                              Defendant. | Case No. 15-cv-01421-BAS(PCL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>**[ECF No. 27]** |

       Plaintiff brought this case requesting that the Court reverse the finding of the Administrative Law Judge ("ALJ") denying Plaintiff disability benefits. The Court granted Plaintiff's Motion for Summary Judgment and denied Defendant's Motion for Summary Judgment, remanding the case back to the ALJ for further proceedings. (ECF No. 26.)

       Plaintiff now moves for his attorneys' fees to be reimbursed by Defendant[1] under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), in the amount

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is therefore substituted as Defendant in this suit for former Acting Commissioner Carolyn W. Colvin. Fed. R. Civ. P. 25(d); 20 C.F.R. § 422.210(d) (stating that where an action for judicial review of a final decision by the Commissioner is instituted "the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

of $18,458.58.[2] (ECF Nos. 27, 29.) Defendant opposes, arguing first that the Government's position was "substantially justified" and thus attorneys' fees are not warranted, and, second, that the amount requested is excessive. (ECF No. 28.) For the reasons stated below, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees. (ECF No. 27.)

I. ANALYSIS

A. The Government's Position Was Not Substantially Justified.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Thus, to be eligible for attorneys' fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no special circumstances can exist that make an award of attorneys' fees unjust. *Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

The Supreme Court has held that a position may be substantially justified "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). When determining whether the government's position was substantially justified, the court considers "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The government's position must be "as a whole, substantially justified." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (emphasis omitted). It also "must be substantially justified at each stage of the

---

[2] Plaintiff initially requested $17,953.06. In his Reply to Defendant's Opposition, he agreed to reduce this request by 5 hours incurred in 2015 for review of the administrative record, for an adjusted amount of $17,001.66. (Reply 2:3, n.1.) Yet, Plaintiff also seeks to now recover for 7.6 hours to draft his Reply, bringing the total amount to $18,458.58. (*Id.* 8:7–10, n.8.)

proceedings." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (internal quotation marks omitted). "[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1990)). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez*, 274 F.3d at 1258.

The Government does not meet its burden to show that its position in this case was substantially justified. The Administrative Law Judge ("ALJ") failed to give adequate consideration to the opinion of the treating physicians. The Magistrate Judge found this to be the case and issued a detailed Report and Recommendation ("R&R") laying out how the ALJ had erred. (ECF No. 22.) Despite this detailed explanation, the Government filed objections to the R&R, once again arguing that the ALJ was well-founded in the decision. (ECF No. 25.) This Court disagreed and adopted the R&R in its entirety. (ECF No. 26.) Both the Government's litigation position as well as the underlying agency action had no reasonable basis in law and fact. Nor does the Government show any special circumstances that would make the award unjust. Therefore, an award of attorneys' fees in this case is appropriate.

B. **The Amount Requested Is Reasonable.**

Courts should apply the lodestar method in determining reasonable fees. *Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). The court calculates the number of hours reasonably expended on the case—cutting any excessive, redundant, or unnecessary hours—and multiplies those hours by a reasonable hourly rate. *Id.* Although the court may reduce the number of hours for duplicative work, determining this is no easy task because "[o]ne certainly expects *some* degree of duplication as an inherent part of the process." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (emphasis in original).

Generally, the court should defer to the winning lawyer's professional judgment as to how much time was required for the case. *Costa*, 690 F.3d at 1135; *Moreno*, 534 F.3d at 1112 ("[A]fter all he [or she] won, and might not have, had he [or she] been more of a slacker."). Although surveying hourly rates awarded to attorneys of comparable experience and skill can be a useful tool, "it is far less useful for assessing how much time an attorney can reasonably spend on a specific case because that determination will always depend on case-specific factors including, among others, the complexity of the legal issues, the procedural history, the size of the record and when counsel was retained." *Costa*, 690 F.3d at 1136. If the government disputes the reasonableness of the fee, then it "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

In this case, Plaintiff submits a Declaration of Nichole Mendoza which confirms that she is experienced in the area of Social Security litigation. (ECF No. 27-2 ("Mendoza Decl.") ¶ 3.) The Government does not question the hourly rates she submits. They are taken from the EAJA statutory rates and appear eminently reasonable. Instead, the Government questions the number of hours required to litigate the case.

The Court notes that 140.9 hours were logged by the attorneys from the Legal Aid Society of San Diego ("LASSD") working on this case prior to the preparation of Plaintiff's Reply. (Mendoza Decl. ¶ 5, Exs. B & C.) The LASSD already voluntarily struck approximately one-third of its bill, or 46.8 hours, as unnecessary or duplicative. (*Id.*) Nonetheless, the Government points to three factors supporting its argument that the number of hours billed is unreasonable: (1) the amount of time spent reviewing the administrative record is excessive; (2) "[m]ultiple attorneys billed for the same items causing redundant and duplicative work," and (3) the

1  number of hours drafting the Summary Judgment Reply Brief is excessive since it
2  contains the same arguments as the Motion for Summary Judgment. (ECF No. 28.)
3        The Court disagrees. First, the LASSD explains that review of the administrative record was particularly laborious in this case because much of it was difficult to decipher and was not in chronological order, with notes from the same doctors scattered throughout. The LASSD also agrees to reduce the amount requested for review of the administrative record by five hours. The Court thus finds the amount of time spent reviewing the administrative record to be reasonable. Second, the Court finds no evidence that multiple attorneys billed for the same task or in fact that there was any redundant or duplicative work. Finally, Plaintiff filed an 11-page Reply Brief (ECF No. 19) carefully tailored to the Government's Response to the Motion for Summary Judgment (ECF No. 18). The Government fails to show that the amount of time billed for this Brief was unreasonable, after all, Plaintiff was ultimately successful in convincing the Court to grant the Motion for Summary Judgment.

      Although the Government cites to Social Security cases in which far lesser amounts of attorneys' fees were awarded, Plaintiff then cites to cases in which comparable amounts were awarded. As noted in the *Costa* case, these comparisons are not very useful. In the cases cited by the Government, it is not immediately clear whether (i) the administrative record was difficult to decipher and not in chronological order, (ii) the motion for summary judgment briefing was comparably thorough, or (iii) an R&R was objected to—necessitating a response. Hence, the Court finds the Government does not meet its burden of demonstrating Plaintiff's fee request is unreasonable by simply citing a collection of decisions that awarded lesser amounts.

//
//
//

## II. CONCLUSION

The Court finds Plaintiff, as the prevailing party, is entitled to attorneys' fees in this case and that the requested fees are reasonable. Therefore, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees (ECF No. 27) and awards Plaintiff attorneys' fees in the amount of $18,458.58.

**IT IS SO ORDERED.**

DATED: June 20, 2017

Hon. Cynthia Bashant
United States District Judge